IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | |
| Plaintiff, | **8:22CV257** |
| vs. | |
| OFFICER RYVINFKI, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on its own motion. On August 9, 2022, the Court required Plaintiff Austin Edward Lightfeather to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action, Filing No. 9, as this Court has identified three or more federal court cases brought by Plaintiff, while a prisoner, that were dismissed as frivolous or for failure to state a claim as follows:

- *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint);

- *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint on May 24, 2021, for failure to state a claim and for being frivolous);

- *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, Memorandum and Order and Judgment dismissing Plaintiff's complaint on May 19, 2021, as frivolous).

Filing No. 9 at 1–2. After considering Plaintiff's response to the Court's show cause order, Filing No. 10, the Complaint, Filing No. 1, and the IFP motions, Filing Nos. 5 & 7, the Court finds his allegations fail to establish a threat of serious injury sufficient to overcome the "three strikes" bar to proceeding IFP as set forth in the Prison Litigation Reform Act ("PLRA").

The PLRA prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In his Complaint, Plaintiff alleges that the defendant served him cat food once, *see* Filing No. 1 at 1; Filing No. 10 at 2, and lower calorie meals than required on three

occasions, Filing No. 1 at 1, that his food comes out of a "liquid tube" and had been spit on, Id. at 3.  Plaintiff argues that the food served to him has "caus[ed] hunger" making him want "to fight to receive better food care." Id. (emphasis in original).  Plaintiff seeks "$1,000,000.00 of this mans money" in damages.  Id. (emphasis in original).

Allegations of not being fed enough calories alone are insufficient to establish imminent danger of serious bodily injury. See e.g., Entler v. McGerr, 2013 WL 11318861 *2 (E.D. Wash. Sept. 13, 2013) ("Plaintiff presents no facts from which the Court could infer he experienced substantial and unhealthy weight loss as the result of any alleged dietary restrictions."); Wallace v. Cockrell, 2003 WL 21528744 *2 (N.D. Tex. July 3, 2003) (finding that the plaintiff's allegations that he was being starved while on a food loaf diet and being served a meatless food tray did not establish entitlement to the imminent-danger exception).  A claim of being served animal food also likely does not constitute imminent danger, however even if it did, it does not trigger the imminent danger exception as the claimed conduct only relates to past abuse. Johnson v. Linder, No. 2:10-CV-84, 2010 WL 2755174, at *2 (W.D. Mich. July 9, 2010) (citing Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); accord Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) ("The plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.").

Here, the Plaintiff does not allege any facts indicating he is currently suffering physical injury or facing future physical injury in either his Complaint or in any documents he submitted after the order to show case was entered by the Court.  Plaintiff concludes

that the cat food he was allegedly served once "could have killed [him]," Filing No. 5 at 1, and that being served cat food and lower caloric content food on several occasions makes him "want to fight," as he has been "starved to the point that [he] threaten[s] officers, that [he] throw[s his] trey [sic] at officers, that [he] yell[s] at officers, that [he] curse[s] at officers," Filing No. 1 at 3. The Plaintiff, however, offers no description of any physical injury to himself—such as weight loss from the lesser calorie meals. He also provides no description of why or how the cat food could have killed him and makes no allegations of future harm relating to his claims. The Court also cannot find, and Plaintiff does not cite to, any authority where a prisoner's fighting or otherwise causing himself harm falls under the imminent danger exception of 28 U.S.C. § 1915(g). Therefore, Plaintiff cannot satisfy the imminent danger of serious physical injury standard as he makes no qualifying claim of actual or potential physical harm.

In addition, Plaintiff claims that unknown prison officials have spit in his food, placing him in imminent danger. Filing No. 1 at 3. To the extent spit in his food could qualify as "imminent danger," it is entirely unrelated to his underlying claim and does not involve the named Defendant. See Linder, 2010 WL 2755174, at *2 (a prisoner's "claims that unknown prison officials have been marinating his potatoes in 'shit,' sprinkling 'piss' in his side dishes, and spitting in his pastries, as well as putting toilet water on his food trays and serving him 'very little' food were entirely unrelated to his underlying claim as it did not involve the named Defendant). Therefore, Plaintiff may not proceed *in forma pauperis* where a claim of "imminent danger" relates to a matter lying wholly outside of the issues in the suit.

For the foregoing reasons, the Court finds that Plaintiff has failed to demonstrate that he is under imminent danger of serious physical harm and he, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g). Because Plaintiff has not paid the $402.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motions for Leave to Proceed in Forma Pauperis, Filing No. 5; Filing No. 7, are denied.

2. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3. Any notice of appeal filed by Plaintiff must be accompanied by the $505.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

Dated this 26th day of September, 2022.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge